# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2024

Lyle W. Cayce
Clerk

No. 23-40599
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Pablo Ramirez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:23-CR-67-1

_____

Before Jolly, Graves, and Oldham, *Circuit Judges*.
Per Curiam:[*]

Juan Pablo Ramirez was convicted by a jury of possessing with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of cocaine. He contends that the evidence at trial was insufficient to sustain his conviction. Specifically, he argues that there was

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

insufficient proof that he knew there was cocaine in a hidden compartment in his vehicle.

Because Ramirez preserved his sufficiency challenge, our review is de novo; the verdict will be upheld if a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt. *United States v. Alaniz*, 726 F.3d 586, 600-01 (5th Cir. 2013). Review of the sufficiency of the evidence is highly deferential to the verdict, *United States v. Davis*, 735 F.3d 194, 198 (5th Cir. 2013), and the evidence and all reasonable inferences therefrom are to be resolved in favor of the jury's determination of guilt, *United States v. Resio-Trejo*, 45 F.3d 907, 911 (5th Cir. 1995).

When, as here, the drugs are hidden or concealed, there must be additional circumstantial evidence to establish guilty knowledge. *United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 361 (5th Cir. 2010). We have identified factors that qualify as circumstantial evidence of guilty knowledge in hidden compartment cases. *See United States v. Ortega Reyna*, 148 F.3d 540, 544 (5th Cir. 1998), *abrogated on other grounds by United States v. Vargas-Ocampo*, 747 F.3d 299, 302-03 & n.2 (5th Cir. 2014) (en banc). No evidentiary item is alone dispositive; the issue is whether the evidence as a whole provides a substantial basis for the jury to decide that the knowledge element was satisfied. *United States v. Miller*, 146 F.3d 274, 281 (5th Cir. 1998).

The evidence and all reasonable inferences therefrom, when viewed in the light most favorable to the verdict, would allow a reasonable jury to find that Ramirez knew about the cocaine in his vehicle. *See Davis*, 735 F.3d at 198; *Resio-Trejo*, 45 F.3d at 911. Specifically, the nervousness Ramirez displayed when encountered at the checkpoint combined with his inconsistent statements, the potential value of the drugs recovered, and the presence of drug related photos on his phone could present sufficient

suspicious circumstances to allow a reasonable jury to find that Ramirez knew about the cocaine in the hidden compartment. *See United States v. Lopez-Monzon*, 850 F.3d 202, 207, 209 (5th Cir. 2017) (regarding demeanor and inconsistent statements); *United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003) (regarding the value of the drugs); *United States v. Gil-Cruz*, 808 F.3d 274, 277 (5th Cir. 2015) (regarding photographic evidence). Accordingly, the district court's judgment is AFFIRMED. *See United States v. Zamora-Salazar*, 860 F.3d 826, 831 (5th Cir. 2017).

However, we note that there is a clerical error in the written judgment. The parties agree that the judgment incorrectly states that Ramirez both pleaded guilty to one or more counts of conviction and that he was found guilty on count one of the indictment. Thus, we REMAND for the limited purpose of correction of that clerical error. *See* Fed. R. Crim. P. 36.